IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00-129C |
| | ) | (Judge Allegra) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**APPENDIX TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

(Pages 028-045)

Dated: September 9, 2004

| Exhibit | | |
|---|---|---|
| A | Declaration of James M. Blue | 001-007 |
| 1 | September 9, 1994 DCAA Audit Report Number 3121-94J19200016 (attachment omitted) | 008-012 |
| 2 | September 19, 1994 DCAA Audit Report Number 3121-94J19200015 (attachment omitted) | 013-017 |
| 3 | November 22, 1994 DCE Rose letter (attachment omitted) | 018-019 |
| 4 | September 29, 1995 DCAA letter, forwarding draft DCAA Audit Report Number 3121-95J10501001 to Lockheed | 020-022 |
| 5 | May 31, 1996 DCE Becker letter | 023-024 |
| 6 | December 19, 1997 Lockheed letter (attachment omitted) | 025 |
| 7 | March 16, 1999 DCE Becker final decision | 026-027A |
| 8 | Relevant excerpts from the CAS Statute, 41 U.S.C. § 422 | 028-029 |
| 9 | Relevant excerpts from the Cost Accounting Standards | 030-031 |
| | CAS § 9903.306 (4/26/91) | 030 |
| | CAS § 9904.409-40 (4/26/91) | 031 |
| 10 | Relevant excerpts from the Federal Acquisition Regulation | 032-045 |
| | FAR § 31.101 (8/31/92) | 032 |
| | FAR § 31.205-16 (12/14/95) | 033-034 |
| | FAR § 52.230-2 (8/31/92) | 035-036 |
| | FAR § 52.230-3 (9/30/87) | 037-039 |
| | FAR § 52.243-1 (10/1/95) | 040-042 |
| | FAR § 52.243-2 (10/1/95) | 043-045 |

**EXCERPT**

EXHIBIT
8

LEXSTAT 41 USC 422

UNITED STATES CODE SERVICE
Copyright © 2004 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 108-302, APPROVED 8/17/04 ***

TITLE 41. PUBLIC CONTRACTS
CHAPTER 7. OFFICE OF FEDERAL PROCUREMENT POLICY

**GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

*41 USCS § 422* (2004)

§ 422. Cost Accounting Standards Board

***

(f) Cost accounting standards authority.

(1) The Board shall have the exclusive authority to make, promulgate, amend, and rescind cost accounting standards and interpretations thereof designed to achieve uniformity and consistency in the cost accounting standards governing measurement, assignment, and allocation of costs to contracts with the United States.

(2) (A) Cost accounting standards promulgated under this section shall be mandatory for use by all executive agencies and by contractors and subcontractors in estimating, accumulating, and reporting costs in connection with pricing and administration of, and settlement of disputes concerning, all negotiated prime contract and subcontract procurements with the United States in excess of $ 500,000.

(B) Subparagraph (A) does not apply to the following contracts or subcontracts:

(i) Contracts or subcontracts for the acquisition of commercial items.

(ii) Contracts or subcontracts where the price negotiated is based on prices set by law or regulation.

(iii) Firm, fixed-price contracts or subcontracts awarded on the basis of adequate price competition without submission of certified cost or pricing data.

(iv) A contract or subcontract with a value of less than $ 7,500,000 if, at the time the contract or subcontract is entered into, the segment of the contractor or subcontractor that will perform the work has not been awarded at least one contract or subcontract with a value of more than $ 7,500,000 that is covered by the cost accounting standards.

(C) In this paragraph, the term "subcontract" includes a transfer of commercial items between divisions, subsidiaries, or affiliates of a contractor or subcontractor.

(3) The Administrator, after consultation with the Board, shall prescribe rules and procedures governing actions of the Board under this section. Such rules and procedures shall require that any cost accounting standard promulgated, amended, or rescinded (and interpretations thereof) shall be adopted by majority vote of the Board members.

(4) The Board is authorized--

(A) to exempt classes or categories of contractors and subcontractors from the requirements of this section; and

(B) to establish procedures for the waiver of the requirements of this section with respect to individual contracts and subcontracts.

(5) (A) The head of an executive agency may waive the applicability of the cost accounting standards for a contract or subcontract with a value less than $ 15,000,000 if that official determines in writing that the segment of the contractor or subcontractor that will perform the work--

(i) is primarily engaged in the sale of commercial items; and

(ii) would not otherwise be subject to the cost accounting standards under this section, as in effect on or after the effective date of this paragraph.

(B) The head of an executive agency may also waive the applicability of the cost accounting standards for a contract or subcontract under exceptional circumstances when necessary to meet the needs of the agency. A determination to waive the applicability of the cost accounting standards under this subparagraph shall be set forth in writing and shall include a statement of the circumstances justifying the waiver.

(C) The head of an executive agency may not delegate the authority under subparagraph (A) or (B) to any official in the executive agency below the senior policymaking level in the executive agency.

(D) The Federal Acquisition Regulation shall include the following:

(i) Criteria for selecting an official to be delegated authority to grant waivers under subparagraph (A) or (B).

(ii) The specific circumstances under which such a waiver may be granted.

(E) The head of each executive agency shall report the waivers granted under subparagraphs (A) and (B) for that agency to the Board on an annual basis.

***

(h) Implementing regulations.

(1) The Board shall promulgate rules and regulations for the implementation of cost accounting standards promulgated or interpreted under subsection (f). Such regulations shall be incorporated into the Federal Acquisition Regulation and shall require contractors and subcontractors as a condition of contracting with the United States to--

(A) disclose in writing their cost accounting practices, including methods of distinguishing direct costs from indirect costs and the basis used for allocating indirect costs; and

(B) agree to a contract price adjustment, with interest, for any increased costs paid to such contractor or subcontractor by the United States by reason of a change in the contractor's or subcontractor's cost accounting practices or by reason of a failure by the contractor or subcontractor to comply with applicable cost accounting standards.

(2) If the United States and a contractor or subcontractor fail to agree on a contract price adjustment, including whether the contractor or subcontractor has complied with the applicable cost accounting standards, the disagreement will constitute a dispute under the Contract Disputes Act *(41 U.S.C. 601).*

(3) Any contract price adjustment undertaken pursuant to paragraph (1)(B) shall be made, where applicable, on relevant contracts between the United States and the contractor that are subject to the cost accounting standards so as to protect the United States from payment, in the aggregate, of increased costs (as defined by the Board). In no case shall the Government recover costs greater than the increased cost (as defined by the Board) to the Government, in the aggregate, on the relevant contracts subject to the price adjustment, unless the contractor made a change in its cost accounting practices of which it was aware or should have been aware at the time of the price negotiation and which it failed to disclose to the Government.

(4) The interest rate applicable to any contract price adjustment shall be the annual rate of interest established under *section 6621 of the Internal Revenue Code* of 1986 *(26 U.S.C. 6621)* for such period. Such interest shall accrue from the time payments of the increased costs were made to the contractor or subcontractor to the time the United States receives full compensation for the price adjustment.

***

EXHIBIT 9

FED-REGS, CAS 9903.306 Interpretations (4/26/91)

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**CAS 9903.306 Interpretations (4/26/91)**

In determining amounts of increased costs in the clauses at 9903.201-4(a), Cost Accounting Standards, 9903.201-4(c), Disclosure and Consistency of Cost Accounting Practices, and 9903.201-4(d), Consistency in Cost Accounting, the following considerations apply:

(a) Increased costs shall be deemed to have resulted whenever the cost paid by the Government results from a change in a contractor's cost accounting practices or from failure to comply with applicable Cost Accounting Standards, and such cost is higher than it would have been had the practices not been changed or applicable Cost Accounting Standards complied with.

(b) If the contractor under any fixed-price contract, including a firm fixed-price contract, fails during contract performance to follow its cost accounting practices or to comply with applicable Cost Accounting Standards, increased costs are measured by the difference between the contract price agreed to and the contract price that would have been agreed to had the contractor proposed in accordance with the cost accounting practices used during contract performance. The determination of the contract price that would have been agreed to will be left to the contracting parties and will depend on the circumstances of each case.

(c) The statutory requirement underlying this interpretation is that the United States not pay increased costs, including a profit enlarged beyond that in the contemplation of the parties to the contract when the contract costs, price, or profit is negotiated, by reason of a contractor's failure to use applicable Cost Accounting Standards, or to follow consistently its cost accounting practices. In making price adjustments under the Cost Accounting Standards clause at 9903.201-4(a) in fixed price or cost reimbursement incentive contracts, or contracts providing for prospective or retroactive price redetermination, the Federal agency shall apply this requirement appropriately in the circumstances.

(d) The contractor and the contracting officer may enter into an agreement as contemplated by subdivision (a)(4)(ii) of the Cost Accounting Standards clause at 9903.201-4(a), covering a change in practice proposed by the Government or the contractor for all of the contractor's contracts for which the contracting officer is responsible, provided that the agreement does not permit any increase in the cost paid by the Government. Such agreement may be made final and binding, notwithstanding the fact that experience may subsequently establish that the actual impact of the change differed from that agreed to.

(e) An adjustment to the contract price or of cost allowances pursuant to the Cost Accounting Standards clause at 9903.201-4 (a) may not be required when a change in cost accounting practices or a failure to follow Standards or cost accounting practices is estimated to result in increased costs being paid under a particular contract by the United States. This circumstance may arise when a contractor is performing two or more covered contracts, and the change or failure affects all such contracts. The change or failure may increase the cost paid under one or more of the contracts, while decreasing the cost paid under one or more of the contracts. In such case, the Government will not require price adjustment for any increased costs paid by the United States, so long as the cost decreases under one or more contracts are at least equal to the increased cost under the other affected contracts, provided that the contractor and the affected contracting officers agree on the method by which the price adjustments are to be made for all affected contracts. In this situation, the contracting agencies would, of course, require an adjustment of the contract price or cost allowances, as appropriate, to the extent that the increases under certain contracts were not offset by the decreases under the remaining contracts.

(f) Whether cost impact is recognized by modifying a single contract, several but not all contracts, or all contracts, or any other suitable technique, is a contract administration matter. The Cost Accounting Standards rules do not in any way restrict the capacity of the parties to select the method by which the cost impact attributable to a change in cost accounting practice is recognized.

**FED-REGS, CAS 9904.409-40 Fundamental requirement. (4/26/91)**

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**CAS 9904.409-40 Fundamental requirement. (4/26/91)**

(a) The depreciable cost of a tangible capital asset (or group of assets) shall be assigned to cost accounting periods in accordance with the following criteria:

(1) The depreciable cost of a tangible capital asset shall be its capitalized cost less its estimated residual value.

(2) The estimated service life of a tangible capital asset (or group of assets) shall be used to determine the cost accounting periods to which the depreciable cost will be assigned.

(3) The method of depreciation selected for assigning the depreciable cost of a tangible capital asset (or group of assets) to the cost accounting periods representing its estimated service life shall reflect the pattern of consumption of services over the life of the asset.

(4) The gain or loss which is recognized upon disposition of a tangible capital asset shall be assigned to the cost accounting period in which the disposition occurs.

(b) The annual depreciation cost of a tangible capital asset (or group of assets) shall be allocated to cost objectives for which it provides service in accordance with the following criteria:

(1) Depreciation cost may be charged directly to cost objectives only if such charges are made on the basis of usage and only if depreciation costs of all like assets used for similar purposes are charged in the same manner.

(2) Where tangible capital assets are part of, or function as, an organizational unit whose costs are charged to other cost objectives based on measurement of the services provided by the organizational unit, the depreciation cost of such assets shall be included as part of the cost of the organizational unit.

(3) Depreciation costs which are not allocated in accordance with paragraph (b)(1) or (2) of this subsection, shall be included in appropriate indirect cost pools.

(4) The gain or loss which is recognized upon disposition of a tangible capital asset, where material in amount, shall be allocated in the same manner as the depreciation cost of the asset has been or would have been allocated for the cost accounting period in which the disposition occurs. Where such gain or loss is not material, the amount may be included in an appropriate indirect cost pool.

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

EXHIBIT
PENGAD-Bayonne, N. J.
10

**FED-REGS, FAR 30.101 Cost Accounting Standards. (8/31/92)**

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FAR 30.101 Cost Accounting Standards. (8/31/92)**

**[CCH Notice: Earlier versions of this section are not available]**

(a) Public Law 100-679 (41 U.S.C. 422) requires certain contractors and subcontractors to comply with Cost Accounting Standards (CAS) and to disclose in writing and follow consistently their cost accounting practices.

(b) Contracts that refer to this Part 30 for the purpose of applying the policies, procedures, standards and regulations promulgated by the CASB pursuant to Public Law 100-679, shall be deemed to refer to the CAS, and any other regulations promulgated by the CASB (see 48 CFR Chapter 99), all of which are hereby incorporated in this Part 30.

(c) Appendix B to the FAR loose-leaf edition contains: Part I, CAS and CASB Rules and Regulations; Part II, nonregulatory preambles to the CAS; Part III, preambles to CAS Rules and Regulations; Part IV, preambles published under the FAR system; and Part V, CASB Rules and Procedures (administrative).

(d) The preambles are not regulatory but are intended to explain why the Standards and related Rules and Regulations were written, and to provide rationale for positions taken relative to issues raised in the public comments. The preambles are printed in chronological order to provide an administrative history. [FAC 90-12, 57 FR 39587, 8/31/92, effective 8/31/92]

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FED-REGS, FAR 31.205-16 Gains and losses on disposition or impairment of depreciable property or other capital assets. (12/14/95)**

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FAR 31.205-16 Gains and losses on disposition or impairment of depreciable property or other capital assets. (12/14/95)**

(a) Gains and losses from the sale, retirement, or other disposition (but see 31.205-19) of depreciable property shall be included in the year in which they occur as credits or charges to the cost grouping(s) in which the depreciation or amortization applicable to those assets was included (but see paragraph (d) of this subsection). However, no gain or loss shall be recognized as a result of the transfer of assets in a business combination (see 31.205-52).

(b) Gains and losses on disposition of tangible capital assets, including those acquired under capital leases (see 31.205-11 (m)), shall be considered as adjustments of depreciation costs previously recognized. The gain or loss for each asset disposed of is the difference between the net amount realized, including insurance proceeds from involuntary conversions, and its undepreciated balance. The gain recognized for contract costing purposes shall be limited to the difference between the acquisition cost (or for assets acquired under a capital lease, the value at which the leased asset is capitalized) of the asset and its undepreciated balance (except see subdivisions (c)(2)(i) or (ii) below).

(c) Special considerations apply to an involuntary conversion which occurs when a contractor's property is destroyed by events over which the owner has no control, such as fire, windstorm, flood, accident, theft, etc., and an insurance award is recovered. The following govern involuntary conversions:

(1) When there is a cash award and the converted asset is not replaced, gain or loss shall be recognized in the period of disposition. The gain recognized for contract costing purposes shall be limited to the difference between the acquisition cost of the asset and its undepreciated balance.

(2) When the converted asset is replaced, the contractor shall either--

(i) Adjust the depreciable basis of the new asset by the amount of the total realized gain or loss; or

(ii) Recognize the gain or loss in the period of disposition, in which case the Government shall participate to the same extent as outlined in subparagraph (c)(1) above.

(d) Gains and losses on the disposition of depreciable property shall not be recognized as a separate charge or credit when--

(1) Gains and losses are processed through the depreciation reserve account and reflected in the depreciation allowable under 31.205-11; or

(2) The property is exchanged as part of the purchase price of a similar item, and the gain or loss is taken into consideration in the depreciation cost basis of the new item.

(e) Gains and losses arising from mass or extraordinary sales, retirements, or other disposition other than through business combinations shall be considered on a case-by-case basis.

(f) Gains and losses of any nature arising from the sale or exchange of capital assets other than depreciable property shall be

excluded in computing contract costs.

(g) With respect to long-lived tangible and identifiable intangible assets held for use, no loss shall be recognized for a write-down from carrying value to fair value as a result of impairments caused by events or changes in circumstances (e.g., environmental damage, idle facilities arising from a declining business base, etc.). Depreciation or amortization on pre-write-down carrying value of impaired assets not yet disposed of shall continue to be recoverable under established depreciation or amortization schedules to the extent it is not otherwise unallowable under other provisions of the FAR. [FAC 84-58, 55 FR 25530, 6/21/90, effective 7/23/90; FAC 90-35, 60 FR 64254, 12/14/95, effective 12/14/95]

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FED-REGS, FAR 52.230-2 Cost Accounting Standards. (8/31/92)**

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FAR 52.230-2 Cost Accounting Standards. (8/31/92)**

As prescribed in 30.201-4(a), insert the following clause:

COST ACCOUNTING STANDARDS (AUG 1992)

(a) Unless the contract is exempt under 48 CFR, Subparts 9903.201-1 and 9903.201-2, the provisions of 48 CFR, Part 9903 are incorporated herein by reference and the Contractor, in connection with this contract, shall--

(1) (CAS-covered Contracts Only) By submission of a Disclosure Statement, disclose in writing the Contractor's cost accounting practices as required by 48 CFR, Subpart 9903.202-1 through 9903.202-5, including methods of distinguishing direct costs from indirect costs and the basis used for allocating indirect costs. The practices disclosed for this contract shall be the same as the practices currently disclosed and applied on all other contracts and subcontracts being performed by the Contractor and which contain a Cost Accounting Standards (CAS) clause. If the Contractor has notified the Contracting Officer that the Disclosure Statement contains trade secrets and commercial or financial information which is privileged and confidential, the Disclosure Statement shall be protected and shall not be released outside of the Government.

(2) Follow consistently the Contractor's cost accounting practices in accumulating and reporting contract performance cost data concerning this contract. If any change in cost accounting practices is made for the purposes of any contract or subcontract subject to CAS requirements, the change must be applied prospectively to this contract and the Disclosure Statement must be amended accordingly. If the contract price or cost allowance of this contract is affected by such changes, adjustment shall be made in accordance with subparagraph (a)(4) or (a)(5) of this clause, as appropriate.

(3) Comply with all CAS, including any modifications and interpretations indicated thereto contained in 48 CFR, Part 9904 (Appendix B, FAR loose-leaf edition), in effect on the date of award of this contract or, if the Contractor has submitted cost or pricing data, on the date of final agreement on price as shown on the Contractor's signed certificate of current cost or pricing data. The Contractor shall also comply with any CAS (or modifications to CAS) which hereafter become applicable to a contract or subcontract of the Contractor. Such compliance shall be required prospectively from the date of applicability to such contract or subcontract.

(4)(i) Agree to an equitable adjustment as provided in the Changes clause of this contract if the contract cost is affected by a change which, pursuant to subparagraph (a)(3) of this clause, the Contractor is required to make to the Contractor's established cost accounting practices.

(ii) Negotiate with the Contracting Officer to determine the terms and conditions under which a change may be made to a cost accounting practice, other than a change made under other provisions of subparagraph (a)(4) of this clause; provided that no agreement may be made under this provision that will increase costs paid by the United States.

(iii) When the parties agree to a change to a cost accounting practice, other than a change under subdivision (a)(4)(i) of this clause, negotiate an equitable adjustment as provided in the Changes clause of this contract.

(5) Agree to an adjustment of the contract price or cost allowance, as appropriate, if the Contractor or a subcontractor fails to comply with an applicable Cost Accounting Standard, or to follow any cost accounting practice consistently and such failure results in any increased costs paid by the United States. Such adjustment shall provide for recovery of the increased costs to the United States, together with interest thereon computed at the annual rate established under section 6621 of the Internal Revenue

Code of 1986 (26 U.S.C. 6621) for such period, from the time the payment by the United States was made to the time the adjustment is effected. In no case shall the Government recover costs greater than the increased cost to the Government, in the aggregate, on the relevant contracts subject to the price adjustment, unless the Contractor made a change in its cost accounting practices of which it was aware or should have been aware at the time of price negotiations and which it failed to disclose to the Government.

(b) If the parties fail to agree whether the Contractor or a subcontractor has complied with an applicable CAS in 48 CFR, Part 9904 or a CAS rule or regulation in 48 CFR, Part 9903 and as to any cost adjustment demanded by the United States, such failure to agree will constitute a dispute under the Contract Disputes Act (41 U.S.C. 601).

(c) The Contractor shall permit any authorized representatives of the Government to examine and make copies of any documents, papers, or records relating to compliance with the requirements of this clause.

(d) The Contractor shall include in all negotiated subcontracts which the Contractor enters into, the substance of this clause, except paragraph (b), and shall require such inclusion in all other subcontracts, of any tier, including the obligation to comply with all CAS in effect on the subcontractor's award date or if the subcontractor has submitted cost or pricing data, on the date of final agreement on price as shown on the subcontractor's signed Certificate of Current Cost or Pricing Data. This requirement shall apply only to negotiated subcontracts in excess of $500,000 where the price negotiated is not based on--

(1) Established catalog or market prices of commercial items sold in substantial quantities to the general public; or

(2) Prices set by law or regulation, and except that the requirement shall not apply to negotiated subcontracts otherwise exempt from the requirement to include a CAS clause as specified in 48 CFR, Subpart 9903.201-1.

(End of clause)

[FAC 90-12, 57 FR 39592, 8/31/92, effective 8/31/92, corrected, 57 FR 45878, 10/5/92]

---

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FED-REGS, FAR 52.230-3 Cost Accounting Standards. (9/30/87)**

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FAR 52.230-3 Cost Accounting Standards. (9/30/87)**

As prescribed in 30.201-4(a), insert the following clause:

COST ACCOUNTING STANDARDS (SEP 1987)

(a) Unless the contract is exempt under FAR 30.201-1 and 30.201-2, the provisions of Federal Acquisition Regulation (FAR) Subpart 30.3 are incorporated herein by reference and the Contractor in connection with this contract, shall--

(1) (National Defense Contracts Only) By submission of a Disclosure Statement, disclose in writing the Contractor's cost accounting practices as required by FAR 30.202-1 through 30.202-5. The practices disclosed for this contract shall be the same as the practices currently disclosed and applied on all other contracts and subcontracts being performed by the Contractor and which contain a Cost Accounting Standards (CAS) clause. If the Contractor has notified the Contracting Officer that the Disclosure Statement contains trade secrets and commercial or financial information which is privileged and confidential, the Disclosure Statement shall be protected and shall not be released outside of the Government.

(2) Follow consistently the Contractor's cost accounting practices in accumulating and reporting contract performance cost data concerning this contract. If any change in cost accounting practices is made for the purposes of any contract or subcontract subject to CAS requirements, the change must be applied prospectively to this contract and the Disclosure Statement must be amended accordingly. If the contract price or cost allowance of this contract is affected by such changes, adjustment shall be made in accordance with subparagraph (a)(4) or (a)(5) of this clause, as appropriate.

(3) Comply with all CAS, including any modifications and interpretations indicated thereto contained in FAR Subpart 30.4, in effect on the date of award of this contract or, if the Contractor has submitted cost or pricing data, on the date of final agreement on price as shown on the Contractor's signed certificate of current cost or pricing data. The Contractor shall also comply with any CAS (or modifications to CAS) which hereafter become applicable to a contract or subcontract of the Contractor. Such compliance shall be required prospectively from the date of applicability to such contract or subcontract.

(4)(i) Agree to an equitable adjustment as provided in the Changes clause of this contract if the contract cost is affected by a change which, pursuant to subparagraph (a)(3) of this clause, the Contractor is required to make to the Contractor's established cost accounting practices.

(ii) Negotiate with the Contracting Officer to determine the terms and conditions under which a change may be made to a cost accounting practice, other than a change made under other provisions of subparagraph (a)(4) of this clause; provided that no agreement may be made under this provision that will increase costs paid by the United States.

(iii) When the parties agree to a change to a cost accounting practice, other than a change under subparagraph (a)(4)(i) of this clause, negotiate an equitable adjustment as provided in the Changes clause of this contract.

(5) Agree to an adjustment of the contract price or cost allowance, as appropriate, if the Contractor or a subcontractor fails to comply with an applicable Cost Accounting Standard, or to follow any cost accounting practice consistently and such failure results in any increased costs paid by the United States. Such adjustment shall provide for recovery of the increased costs to the United States, together with interest thereon computed at the rate determined by the Secretary of the Treasury pursuant to Pub. L. 92-41, 85 Stat. 97, from the time the payment by the United States was made to the time the adjustment is effected.

(b) If the parties fail to agree whether the Contractor or a subcontractor has complied with an applicable CAS in FAR subpart 30.4 or a CAS rule or regulation in FAR Subpart 30.3 and as to any cost adjustment demanded by the United States, such failure to agree shall be a dispute concerning a question of fact within the meaning of the Disputes clause of this contract.

(c) The Contractor shall permit any authorized representatives of the Government to examine and make copies of any documents, papers, or records relating to compliance with the requirements of this clause.

(d) The Contractor shall include in all negotiated subcontracts which the Contractor enters into, the substance of this clause, except paragraph (b), and shall require such inclusion in all other subcontracts, of any tier, including the obligation to comply with all CAS in effect on the subcontract's award date or if the subcontractor has submitted cost or pricing data, on the date of final agreement on price as shown on the subcontractor's signed Certificate of Current Cost or Pricing Data. This requirement shall apply only to negotiated subcontracts in excess of $100,000 where the price negotiated is not based on--

(1) Established catalog or market prices of commercial items sold in substantial quantities to the general public; or

(2) Prices set by law or regulation, and except that the requirement shall not apply to negotiated subcontracts otherwise exempt from the requirement to include a CAS clause as specified in FAR 30.201-1.

Note (1): New or modified CAS shall be applicable to both national defense and nondefense CAS-covered contracts upon award of a new national defense CAS-covered contract containing the new or modified Standard. The award of a new nondefense CAS-covered contract shall not trigger application of new CAS or modification to CAS.

Note (2): Subcontractors shall be required to submit their Disclosure Statements to the Contractor. However, if a subcontractor has previously submitted its Disclosure Statement to a Government Administrative Contracting Officer (ACO), it may satisfy that requirement by certifying to the Contractor the date of the Statement and the address of the ACO.

Note (3): In any case where a subcontractor determines that the Disclosure Statement information is privileged and confidential and declines to provide it to the Contractor or higher tier subcontractor, the Contractor may authorize direct submission of that subcontractor's Disclosure Statement to the same Government offices to which the Contractor was required to make submission of its Disclosure Statement. Such authorization shall in no way relieve the Contractor of liability as provided in paragraph (a)(5) of this clause. In view of the foregoing and since the contract may be subject to adjustment under this clause by reason of any failure to comply with rules, regulations, and Standards as specified in FAR Subparts 30.3 and 30.4 in connection with covered subcontracts, it is expected that the Contractor may wish to include a clause in each such subcontract requiring the subcontractor to appropriately indemnify the Contractor. However, the inclusion of such a clause and the terms thereof are matters for negotiation and agreement between the Contractor and the subcontractor, provided that they do not conflict with the duties of the Contractor under its contract with the Government. It is also expected that any subcontractor subject to such indemnification will generally require substantially similar indemnification to be submitted by its subcontractors.

Note (4): If the subcontractor is a business unit which, pursuant to FAR 30.201-2(b) is entitled to elect modified contract coverage and to follow 30.401 and 30.402, the clause at 52.230-5, "Disclosure Consistency of Cost Accounting Practices," of the Federal Acquisition Regulation shall be inserted in lieu of this clause.

Note (5): The terms defined in FAR 30.301 and 31.001 shall have the same meanings herein. As there defined, "negotiated subcontract" means any subcontract except a firm-fixed-price subcontract made by a Contractor or subcontractor after receiving offers from at least two persons not associated with each other or with such Contractor or subcontractor, providing (1) the solicitation to all competitors is identical, (2) price is the only consideration in selecting the subcontractor from among the competitors solicited, and (3) the lowest offer received in compliance with the solicitation from among those solicited is accepted.

(End of clause)

[FAC 84-21, 51 FR 31427, 9/3/86, effective 8/29/86; FAC 84-30, 9/30/87, effective 9/30/87]

---

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FED-REGS, FAR 52.243-1 Changes--Fixed-Price. (10/1/95)**

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FAR 52.243-1 Changes--Fixed-Price. (10/1/95)**

As prescribed in 43.205(a)(1), insert the following clause. The 30-day period may be varied according to agency procedures.

CHANGES--FIXED-PRICE (AUG 1987)

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in any one or more of the following:

(1) Drawings, designs, or specifications when the supplies to be furnished are to be specially manufactured for the Government in accordance with the drawings, designs, or specifications.

(2) Method of shipment or packing.

(3) Place of delivery.

(b) If any such change causes an increase or decrease in the cost of, or the time required for, performance of any part of the work under this contract, whether or not changed by the order, the Contracting Officer shall make an equitable adjustment in the contract price, the delivery schedule, or both, and shall modify the contract.

(c) The Contractor must assert its right to an adjustment under this clause within 30 days from the date of receipt of the written order. However, if the Contracting Officer decides that the facts justify it, the Contracting Officer may receive and act upon a proposal submitted before final payment of the contract.

(d) If the Contractor's proposal includes the cost of property made obsolete or excess by the change, the Contracting Officer shall have the right to prescribe the manner of the disposition of the property.

(e) Failure to agree to any adjustment shall be a dispute under the Disputes clause. However, nothing in this clause shall excuse the Contractor from proceeding with the contract as changed.

(End of clause)

Alternate I (APR 1984). If the requirement is for services, other than architect-engineer or other professional services, and no supplies are to be furnished, substitute the following paragraph (a) for paragraph (a) of the basic clause:

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in any one or more of the following:

(1) Description of services to be performed.

(2) Time of performance (i.e., hours of the day, days of the week, etc.).

(3) Place of performance of the services.

Alternate II (APR 1984). If the requirement is for services (other than architect-engineer services, transportation, or research and development) and supplies are to be furnished, substitute the following paragraph (a) for paragraph (a) of the basic clause:

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in any one or more of the following:

(1) Description of services to be performed.

(2) Time of performance (i.e., hours of the day, days of the week, etc.).

(3) Place of performance of the services.

(4) Drawings, designs, or specifications when the supplies to be furnished are to be specially manufactured for the Government in accordance with the drawings, designs, or specifications.

(5) Method of shipment or packing of supplies.

(6) Place of delivery.

Alternate III (APR 1984). If the requirement is for architect-engineer or other professional services, substitute the following paragraph (a) for paragraph (a) of the basic clause and add the following paragraph (f):

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in the services to be performed.

(f) No services for which an additional cost or fee will be charged by the Contractor shall be furnished without the prior written authorization of the Contracting Officer.

Alternate IV (APR 1984). If the requirement is for transportation services, substitute the following paragraph (a) for paragraph (a) of the basic clause:

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in any one or more of the following:

(1) Specifications.

(2) Work or services.

(3) Place of origin.

(4) Place of delivery.

(5) Tonnage to be shipped.

(6) Amount of Government-furnished property.

Alternate V (APR 1984). If the requirement is for research and development and it is desired to include the clause, substitute the following subparagraphs (a)(1) and (a)(3) and paragraph (b) for subparagraphs (a)(1) and (a)(3) and paragraph (b) of the basic clause:

(1) Drawings, designs, or specifications.

(3) Place of inspection, delivery, or acceptance.

(b) If any such change causes an increase or decrease in the cost of, or time required for, performing this contract, whether or not changed by the order, the Contracting Officer shall make an equitable adjustment in (1) the contract price, the time of performance, or both; and (2) other affected terms of the contract, and shall modify the contract accordingly.

[FAC 84-29, 52 FR 30079, 8/12/87, effective 8/24/87; FAC 84-53, 54 FR 48995, 11/28/89, effective 12/28/89; FAC 90-32, 60 FR 48206, 9/18/95, effective 10/1/95]

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FED-REGS, FAR 52.243-2 Changes--Cost-Reimbursement. (10/1/95)**

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**FAR 52.243-2 Changes--Cost-Reimbursement. (10/1/95)**

As prescribed in 43.205(b)(1), insert the following clause. The 30-day period may be varied according to agency procedures.

CHANGES--COST-REIMBURSEMENT (AUG 1987)

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in any one or more of the following:

(1) Drawings, designs, or specifications when the supplies to be furnished are to be specially manufactured for the Government in accordance with the drawings, designs, or specifications.

(2) Method of shipment or packing.

(3) Place of delivery.

(b) If any such change causes an increase or decrease in the estimated cost of, or the time required for, performance of any part of the work under this contract, whether or not changed by the order, or otherwise affects any other terms and conditions of this contract, the Contracting Officer shall make an equitable adjustment in the (1) estimated cost, delivery or completion schedule, or both; (2) amount of any fixed fee; and (3) other affected terms and shall modify the contract accordingly.

(c) The Contractor must assert its right to an adjustment under this clause within 30 days from the date of receipt of the written order. However, if the Contracting Officer decides that the facts justify it, the Contracting Officer may receive and act upon a proposal submitted before final payment of the contract.

(d) Failure to agree to any adjustment shall be a dispute under the Disputes clause. However, nothing in this clause shall excuse the Contractor from proceeding with the contract as changed.

(e) Notwithstanding the terms and conditions of paragraphs (a) and (b) above, the estimated cost of this contract and, if this contract is incrementally funded, the funds allotted for the performance of this contract, shall not be increased or considered to be increased except by specific written modification of the contract indicating the new contract estimated cost and, if this contract is incrementally funded, the new amount allotted to the contract. Until this modification is made, the Contractor shall not be obligated to continue performance or incur costs beyond the point established in the Limitation of Cost or Limitation of Funds clause of this contract.

(End of clause)

Alternate I (APR 1984). If the requirement is for services and no supplies are to be furnished, substitute the following paragraph (a) for paragraph (a) of the basic clause:

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the

general scope of this contract in any one or more of the following:

(1) Description of services to be performed.

(2) Time of performance (i.e., hours of the day, days of the week, etc.).

(3) Place of performance of the services.

Alternate II (APR 1984). If the requirement is for services and supplies are to be furnished, substitute the following paragraph (a) for paragraph (a) of the basic clause:

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in any one or more of the following:

(1) Description of services to be performed.

(2) Time of performance (i.e., hours of the day, days of the week, etc.).

(3) Place of performance of the services.

(4) Drawings, designs, or specifications when the supplies to be furnished are to be specially manufactured for the Government in accordance with the drawings, designs, or specifications.

(5) Method of shipment or packing of supplies.

(6) Place of delivery.

Alternate III (APR 1984). If the requirement is for construction, substitute the following paragraph (a) for paragraph (a) of the basic clause:

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in the plans and specifications or instructions incorporated in the contract.

Alternate IV (APR 1984). If a facilities contract is contemplated, substitute the following paragraphs (a) and (e) for paragraphs (a) and (e) of the basic clause:

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in the facilities or work described in the schedule.

(e) Any related contract with the Contractor may be equitably adjusted if it provides for adjustment and is affected by a change

ordered under this clause.

Alternate V (APR 1984). If the requirement is for research and development, and it is desired to include the clause, substitute the following subparagraphs (a)(1) and (a)(3) for subparagraphs (a)(1) and (a)(3) of the basic clause:

(1) Drawings, designs, or specifications.

(3) Place of inspection, delivery, or acceptance.

[FAC 84-29, 52 FR 30079, 8/12/87, effective 8/24/87; FAC 90-32, 60 FR 48206, 9/18/95, effective 10/1/95]

© 2004, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company