MILLER & CHEVALIER
CHARTERED

655 FIFTEENTH STREET, N.W., SUITE 900
WASHINGTON, D.C 20005-5701
202.626.5800 FAX: 202.628.0858
WWW.MILLERCHEVALIER.COM

March 13, 2003

VIA HAND-DELIVERY

Doris S. Finnerman, Esquire
Commercial Litigation Branch, Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
FAX (202) 307-0972

Re: *Lockheed Martin Corporation v. United States of America*, No. 00-129C

Dear Dorie:

As promised, please find enclosed the following documents:

Attachment A: Letter dated January 10, 2003 from John F. Lehman at the Defense Contract Management Agency to Barry Taylor at EIS (enclosing DCAA Audit Report No. 1461-2003C19100003 dated December 20, 2002).

Attachment B: Plaintiff's Responses to Defendant's Fifth Set of Interrogatories and Second Requests for Admissions.

Also enclosed are the Four (4) Audit Paper Production binders (Bates Range 0001 to 1344) of raw data you requested for the Cray Computer Worksheet provided to you following our November 2002 meeting.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Jeri Kaylene Somers

cc: David M. Christenson, Esquire (with attachments)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOCKHEED MARTIN CORPORATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00-129C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIFTH SET OF INTERROGATORIES AND SECOND REQUESTS FOR ADMISSIONS

Plaintiff Lockheed Martin Corporation, Inc. ("Lockheed Martin") hereby submits its Objections and Responses to Defendant's Fifth Set of Interrogatories and Second Requests for Admissions. Lockheed Martin reserves the right to supplement its responses, including any objections that may be applicable, based upon any additional information that may be discovered subsequent to this response.

**GENERAL OBJECTIONS**

1. Lockheed Martin objects to Defendant's Fifth Set of Interrogatories and Second Requests for Admissions to the extent that they seek documents protected by the attorney-client privilege and/or work product doctrine.

2. Lockheed Martin objects to Defendant's Fifth Set of Interrogatories and Second Requests for Admissions to the extent that they are overly broad or unduly burdensome.

3. Lockheed Martin objects to Defendant's Second Request for Admissions to the extent that the Requests reference factual data without identifying the documents from which the data originated.

4. Subject to and without waiving these objections, Lockheed Martin has made a good faith effort to respond to the Government's interrogatories, requests and admissions.

5. Lockheed Martin's discovery and review of records is continuing. To the extent appropriate, these responses will be supplemented as required by Rule 26(e) of the Rules of the United States Court of Federal Claims.

## INTERROGATORIES

INTERROGATORY NO. 26:

Plaintiff's responses to defendant's Interrogatory Nos. 10 and 12 state that Sanders and LMIT were the only Lockheed segments in addition to LMSC, LADC, and LASC that used the Cray computers in 1994. However, other documents indicate that LTOC incurred 112.8 hours of Cray computer usage in 1994. State whether LTOC incurred 112.8 hours of Cray computer usage in 1994. If the answer is "yes," identify the hours used and any costs billed to LTOC.

*Response:* LMC requested that defendant United States identify the source document or "other documents" for the factual allegations contained in this Interrogatory. The United States identified an audit report dated January 30, 2001, entitled "Audit of Fiscal Year 1995 Incurred Costs," working paper C-1h. The United States failed to provide any bates numbers identifying this document. Despite many attempts, we have been unable to identify the specific document allegedly referenced in this Interrogatory, and therefore cannot respond with any degree of accuracy or certainty. As a result of analyzing CRAY usage reports, LMC has determined that LTOC did incur 112.8 hours of Cray computer usage. However, LTOC (Lockheed Technical Operations Company) was a business that reported to LMSC, Sunnyvale and these hours have been considered in the billing amount to the Sunnyvale business. To further support this assertion, the usage documents verify a common or identical user for both LMSC and LTOC. In

addition, the summation of hours associated with LTOC rolls up to represent total LMSC usage. The invoice details substantiate this fact.

INTERROGATORY NO. 27:

Plaintiff's responses to defendant's Interrogatories Nos. 10 and 12 state that Sanders and LMIT were the only Lockheed segments in addition to LMSC, LADC, and LASC that used the Cray computers in 1994 and 1995. However, other documents indicate that LMTO incurred 27.3 hours of Cray usage in 1995. State whether LMTO incurred 27.3 hours of Cray computer usage in 1995. If the answer is "yes," identify the hours used and any costs billed to LMTO.

*Response:* LMC requested that defendant United States identify the source document or "other documents" for the factual allegations contained in this Interrogatory. The United States identified an audit report dated January 30, 2001, entitled "Audit of Fiscal Year 1995 Incurred Costs," working paper C-1h. The United States failed to provide any bates numbers identifying this document. Despite many attempts, we have been unable to identify the specific document allegedly referenced in this Interrogatory, and therefore cannot respond with any degree of accuracy or certainty. As a result of analyzing CRAY usage reports, LMC has determined that, as a result of the Lockheed and Martin Marietta merger, LTOC was renamed to Lockheed Martin Technical Operations (LMTO). LMTO did incur 27.3 hours but as stated these hours were considered in the billing algorithm for Sunnyvale. The invoice details substantiate this fact. Also see response to Interrogatory No. 26.

INTERROGATORY NO. 28:

Plaintiff's response to Interrogatory No. 14 states that LMSC and LASC budgeted $634,000 each for actual expected Cray computer processing for 1995. Explain how the

budgeted amount of $634,000 was determined, and, if an anticipated billing rate was used, state the billing rate that was used.

*Response:* The using companies determine the amount of capacity that is required and committed. LITC then implements the required resources to accommodate this request. LMC has provided documents to the United States at various points that acknowledge the $634,000 commitment levels for both LMSC and LASC.

INTERROGATORY NO. 29:

Plaintiff's response to Interrogatory No. 12 shows a total of $20,254.82 billed to customers other than LMSC, LADC, and LASC in 1995. However, PT000059 shows $44,000 utilization by miscellaneous customers. Explain why these amounts are not the same.

*Response:* We believe the difference of approximately $24K represents LITC's internal use that would not be billed directly to the provider organization (LITC).

INTERROGATORY NO. 30:

For each request for admission below, to which LMC does not respond with an unqualified admission, explain in detail LMC's denial or qualification. If you choose to response to this interrogatory within your responses to the requests for admission, so state.

*Response:* LMC will respond to this interrogatory within the responses to the Requests.

**REQUESTS FOR ADMISSION**

Request No. 1: For 1994, LMSC committed $6,376,000 for Cray computer usage.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as PT 000059. The source document, a chart containing three sections, appears to have been sent by facsimile by "Wanda" to Carolyn McGrath. The facsimile cover sheet states in the message

section as follows: "Carolyn, Attached chart is from Jim Blue per discussions with him." The document itself provides no additional information concerning whether the underlying numbers came from discussion with Jim Blue, or from another source, nor can LMC verify or dispute the accuracy of this data in the abstract. Nonetheless, upon review of PT000059, plaintiff admits that the document states that LMSC committed $6,376,000 for Cray computer usage.

Request No. 2: For 1994, LASC committed $2,211,000 for Cray computer usage.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as PT 000059. See Response to Request No. 1 regarding this document. Upon review of PT 000059, plaintiff admits that the document identified states that LASC committed $2,211,000 for Cray computer usage. Upon review of other documents, LMC avers that LASC's committed amount for 1994 was in fact $2,188,550.

Request No. 3: For 1994, LADC committed $1,469,000 for Cray computer usage.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as PT 000059. See Response to Request No. 1 regarding this document. Upon review of PT 000059, plaintiff denies that the document identified reflects that LADC committed $1,469,000. Rather, PT 000059 states that LADC committed $1,400,000. LMC believes that PT 000059 reflects ROM estimates. The actual committed value that is substantiated through billing invoices is $1,469,000.

Request No. 4: For 1994, LITC billed LMSC $6,382,000 for Cray computer usage.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as

000881, which is a Defense Contract Audit Agency (DCAA) Audit Report, dated June 14, 1999, with several attachments. Upon review of 000881, plaintiff denies that the document identified reflects that LITC billed LMSC $6,382,000 for Cray computer usage. Rather, 000881 states that LITC billed LMSC $6,382,491. The actual 1994 billing to LMSC is $6,382,491.92.

Request No. 5: For 1994, LITC billed LASC $2,136,000 for Cray computer usage.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as 000881, which is a Defense Contract Audit Agency (DCAA) Audit Report, dated June 14, 1999, with several attachments. Upon review of 000881, plaintiff admits that the document identified states that LITC billed LASC $2,136,000 for Cray computer usage. The actual billing in exact terms was $2,135,999.59.

Request No. 6: For 1994, LITC billed LADC $1,469,000 for Cray computer usage.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as 000881, which is a Defense Contract Audit Agency (DCAA) Audit Report, dated June 14, 1999, with several attachments. Upon review of 000881, plaintiff denies that the document identified reflects that LITC billed LADC $1,469,000 for Cray computer usage. Avers that 000881 states that LITC billed LADC $1,469,889. In addition, avers that billing invoice detail discloses actual billing to LADC in 1994 as $1,469,892.00.

Request No. 7: For 1994, LITC billed Sanders $8,113 for Cray computer usage.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as 000881, which is a Defense Contract Audit Agency (DCAA) Audit Report, dated June 14, 1999,

with several attachments. Upon review of 000881, LMC admits that the document identified states that LITC billed Sanders $8,113 for Cray computer usage. LMC avers that, based upon ledger billing details, the actual billings to Sanders for Cray computing was $8,113.16.

Request No. 8: For 1994, LMSC actually used the Cray computers for 7,245.6 CPU hours.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as 000881, which is a Defense Contract Audit Agency (DCAA) Audit Report, dated June 14, 1999, with several attachments. Upon review of 000881, LMC admits that the document identified states that LMSC used the Cray computers for 7,245.6 CPU hours. LMC avers that, based upon actual usage reports, LMSC, in 1994, used 7,245.4559 CPU hours.

Request No. 9: For 1994, LASC actually used the Cray computers for 7,537.3 CPU hours.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as 000881, which is a Defense Contract Audit Agency (DCAA) Audit Report, dated June 14, 1999, with several attachments. Upon review of 000881, plaintiff admits that the document identified states that LASC used the Cray computers for 7,537.3 CPU hours.

Request No. 10: For 1994, LADC actually used the Cray computers for 188.6 CPU hours.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as 000881, which is a Defense Contract Audit Agency (DCAA) Audit Report, dated June 14, 1999, with several attachments. Upon review of 000881, plaintiff admits that the document identified states that LADC used the Cray computers for 188.6 CPU hours.

Request No. 11: For 1994, LTOC actually used the Cray computers for 112.8 CPU hours.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as 000881, which is a Defense Contract Audit Agency (DCAA) Audit Report, dated June 14, 1999, with several attachments. Upon review of 000881, plaintiff admits that the document identified states that LTOC used the Cray computers for 112.8 CPU hours.

Request No. 12: For 1994, Sanders actually used the Cray computers for 30.1 CPU hours.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified the source document as 000881, which is a Defense Contract Audit Agency (DCAA) Audit Report, dated June 14, 1999, with several attachments. Upon review of 000881, plaintiff admits that the document identified states that Sanders used the Cray computers for 30.1 CPU hours.

Request No. 13: For 1994, actual usage at the standard rate of $270 was used to determine if the commitments by the business segments had been met.

*Response:* LMC requested that defendant United States identify the source document for the factual allegations contained in this Request. Defendant identified a document described as "Lockheed Martin memorandum dated September 24, 1994," which was allegedly provided to the Government on April 24, 2002. Defendant did not provide bate stamp numbers, although all documents provided to the Government by LMC can be identified by bate stamps. Nonetheless, LMC has identified this document at T001910-21, which is the actual usage report of 1994, and admits that a rate of $270 per CPU hour was used to cost actual usage. This information would then be used to compare to each business' committed levels in order to determine capacity issues.